**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

ANTHONY JASON VERALDI,                          Case No. 8:23-bk-03080-CPM
                   Debtor.                         Chapter 7
_____/

MARY IDA TOWNSON
United States Trustee for Region 21,
                  Plaintiff,
vs.                                              Adv. Pro. No. 8:24-ap-____-CPM

ANTHONY JASON VERALDI,
                  Defendant.
_____/

**UNITED STATES TRUSTEE COMPLAINT**
**OBJECTING TO THE ENTRY OF THE DEBTOR'S DISCHARGE**

       Mary Ida Townson, the United States Trustee for Region 21, through the undersigned

counsel, files this complaint objecting to entry of Defendant's discharge pursuant to 11 U.S.C. §§

727(a)(3), 727(a)(4)(A) and (D), 727(a)(5) and 727(a)(7). In support of this complaint, the

United States Trustee alleges:

**I.   JURISDICTION AND VENUE**

       1.     This complaint is filed pursuant to 11 U.S.C. § 727 and Rule 7001(4), Federal

Rules of Bankruptcy Procedure.

       2.     This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

       3.     This is a core proceeding under 28 U.S.C. §§ 151 and 157(b)(2)(J).

1

4.      Venue is proper under 28 U.S.C. § 1409.

5.      The United States Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 307 and 727(c).

## II. PARTIES

6.      Plaintiff, Mary Ida Townson, is the United States Trustee for Region 21.

7.      Defendant, Anthony Jason Veraldi is an individual who resides at 11744 Kitten Trail, Hudson, Florida 34669.

## III. GENERAL ALLEGATIONS

### A.   Procedural History

8.      On July 20, 2023 (the "Petition Date"), Defendant filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. (Doc. No. 1).

9.      On the Petition Date, Defendant filed his schedules and statements, and signed these documents under penalties of perjury. (Doc. No. 1).

10.     Beth Ann Scharrer was appointed to serve as the chapter 7 trustee and continues to serve in that capacity.

11.     The chapter 7 trustee conducted the meeting of creditors (the "341 Meeting") on August 24, 2023, September 21, 2023, September 28, 2023, and the meeting of creditors was concluded on October 19, 2023.

12.     The deadline to oppose discharge was first set for October 23, 2023.

13.     The Court entered an *Order Granting Motion to Extend Time for Filing a Motion to Dismiss and for Filing a Complaint Objecting to Discharge*, extending the deadline through and including January 22, 2024. (Doc. No. 12).

14.     The Court entered an *Agreed Order Granting Motion to Extend Time for Filing a Motion to Dismiss and for Filing a Complaint Objecting to Discharge*, most recently extending the deadline through and including April 22, 2023. (Doc. No. 21).

15.     At the 341 Meeting on September 21, 2023, the Defendant was questioned at length regarding his interest in West Florida Hardscaping and Brick, Inc. ("WFH&B"). Specifically, Ms. Scharrer and the United States Trustee's representative questioned the Defendant about (i) assets of WFH&B that were listed on Defendant's Schedules A/B, (ii) the sale of both the Defendant's personal assets and the sale of WFH&B's assets in the one-year prior to the filing of the Defendant's personal Chapter 7 case, (iii) transfers the Defendant received from WFH&B, and transfers the Defendant made to WFH&B, (iv) whether the Defendant had records of the transfers, and (v) amendments necessary to the Defendant's Schedules and Statements.

16.     On or about September 23, 2023, the Defendant, as president and sole shareholder of WFH&B, filed a Chapter 7 voluntary petition for WFH&B at case no. 23-bk-04204-CPM. Christine Herendeen was appointed Chapter 7 trustee for the WFH&B estate.

**B.   Defendant's Scheduled Assets, Debts, Income, and Expenses**

17.     On Schedule A/B, Defendant declared: (a) an interest in real property with a value of $624,600.00; and (b) interests in personal property with an aggregate stated value of $85,351.00[1].

18.     On Schedule D, Defendant listed two creditors holding secured claims[2].

19.     On the Amended Schedule E/F, Defendant declared one creditor holding a priority claim on Schedule E, and unsecured nonpriority claims in the aggregate amount of $636,831.00 on Schedule F.

20.     On Schedules I and J respectively, Defendant declared monthly gross income of $1,935.48, representing income received solely by his non-filing spouse, and total net income of $1,313.61 and monthly expenditures of $10,935.00.

21.     On the Statement of Financial Affairs, the Defendant listed gross income from wages and operation of a business in 2023 through the Petition Date in the amount of $229,667.24, gross income from wages and operation of a business in 2022 in the amount of $55,223.00, and no gross income from wages and operation of a business in 2021.

---

1 Of the scheduled personal property, the Defendant testified that property with an aggregate value of $61,704.00 was actually property of the Defendant's business WFH&B.

2 The Defendant listed Consumer Finance as holding a security interest in a 2017 Ford F-350 truck, however, the truck was the property of WFH&B and Consumer Finance's secured lien was recorded on the title of the vehicle.   The Defendant borrowed funds in his own name in May 2023 and pledged WFH&B's collateral.

22.     At his 341 Meeting, the Defendant acknowledged that there were errors on his schedules regarding the scheduling of assets that belonged to WFH&B, the reporting of his income during 2023 through the Petition Date and during 2021 and 2022, and the transfers of personal assets in the year before the Petition Date.   Despite this acknowledgement, the Defendant failed to file any amendments to his Schedules and Statements.

### C.   West Florida Hardscaping & Brick, Inc.'s Schedules and Statements

23.     On September 23, 2023, Defendant executed and filed, as the president of the company, a chapter 7 petition, schedules, and statements for WFH&B, which Defendant signed under penalties of perjury.

24.     Christine L. Herendeen was appointed to serve as the Chapter 7 Trustee of WFH&B.

25.     The WFH&B Meeting of Creditors was held and concluded on October 25, 2023.

26.     WFH&B's Schedule A/B listed only one asset, a 2020 Ford F350 truck, with the stated aggregated value of $59,454.00.

27.     On WFH&B's Schedule D, Defendant listed only one creditor holding a secured claim of $87,150.56.

28.     On WFH&B's Schedule E/F, Defendant declared no creditors holding priority claims, and listed unsecured nonpriority claims in the amount of $823,744.83.

29.     WFH&B's Statement of Financial Affairs (Statement 1) disclosed gross revenue of $588,427 for year 2021, $414,888 for 2022, and $0.00 for the year 2023 through the petition date of September 23, 2023.

5

30.     At the WFH&B Meeting of Creditors, the Defendant acknowledged that there were errors on his schedules regarding the scheduling of assets that belonged to WFH&B, the reporting of its income during 2023 through the Petition Date and the transfers of business assets in the year before the Petition Date.   Despite this acknowledgement, the Defendant failed to file any amendments to WFH&B's Schedules and Statements.

### D. Bankruptcy Documents filed and Testimony Given under Penalties of Perjury

31.     For both his personal Chapter 7 case and the WFH&B Chapter 7 case, Defendant signed the petitions, schedules, and statements under the penalty of perjury, declaring that the contents of the documents were true and correct.

32.     Defendant provided testimony under penalty of perjury at the 341 Meeting on August 24, 2023, September 21, 2023, September 28, 2023, and October 19, 2023.

33.     Defendant provided testimony under penalty of perjury at the WFH&B Meeting of Creditors on October 25, 2023.

## IV. FACTUAL ALLEGATIONS

### A.   Financially Sophisticated Debtor.

34.     Defendant is a financially sophisticated individual who has owned and operated his own business for at least eighteen (18) years.

35.     Defendant's business experience includes owning and operating WFH&B for the last eighteen years.

36.     At the time of the bankruptcy filings, Defendant was the sole owner, officer, and operator of WFH&B.   The Debtor has also owned two other limited liability companies, including Outdoor Dreams, LLC and Plum Tree Rentals, LLC.

**B.   False Oaths or Omissions, and Transfers**

*1.     **Defendant's Individual Chapter 7 Case.***

37.     Defendant provided testimony under penalty of perjury at the 341 Meeting on August 24, 2023, September 21, 2023, September 28, 2023, and October 19, 2023.

38.     At the 341 Meeting, the Defendant testified that (a) Defendant read and signed the bankruptcy documents filed with the bankruptcy court; (b) the information contained in the bankruptcy documents were true and correct; and (c) there were no errors and omissions to bring to the attention of the chapter 7 trustee.

39.     In response to item 3.1 of Schedule A/B, Defendant listed an ownership in a 2017 Ford F-350 truck (vin #xxx32244).    The Defendant later testified that the vehicle was titled in the name of WFH&B.

40.     In response to item 19 of Schedule A/B, the Defendant failed to list his interest in WFH&B.

41.     The Defendant testified at the 341 Meeting that he had made loans to WFH&B. In response to item 30 of Schedule A/B, the Defendant failed to list any amounts owed to him from WFH&B.

42.     In response to item 41 of Schedule A/B, the Defendant listed an ownership interest in several vehicles, trailers, and tools.   The Defendant later testified that the assets listed on his personal Schedule A/B were owned by WFH&B.

43.     After Defendant was questioned at the 341 Meeting, the Defendant acknowledged that the 2017 Ford F-350 and the other business assets listed in response to item 41 were improperly included on his personal schedules but did not amend the schedules.

44.     In Statement 4 of the Statement of Financial Affairs, which requires that debtors disclose year-to date income from employment or operation of business, the Defendant listed income from employment or operation of business during 2023 through the Petition date of $229,667.24, $55,223.00 during 2022 and $0.00 in 2021.

45.     The Defendant testified at the 341Mmeeting that amounts he reported on the Statement of Financial Affairs for income from employment or the operation of business during 2023 was not correct.

46.     The Defendant has not provided records showing exactly how much he received from WFH&B as wages or from the operation of the business pre-Petition in 2023.

47.     The Defendant's personal bank statements show direct transfers from the WFH&B bank account totaling at least $49,835.00, between January 1, 2023, and the Petition Date.

48.     The Defendant's personal bank statements show deposits totaling $211,481.16 during 2022 that represented wages from WFH&B or direct transfers from the WFH&B bank account.

49.      WFH&B's 2021 tax return shows that Defendant received $17,600 in taxable wages in 2021.

50.      In Statement 5 of the Statement of Financial Affairs, which requires that debtors disclose other income (taxable or not) during the year of filing and the two previous calendar years, the Defendant listed no other income from any other source.

51.      The Defendant testified at his 341 meeting that he received (i) gifts from his father to assist him with household bills and (ii) cash payments and checks from customers of WFH&B that he deposited into his personal account.

52.      The Defendant has not provided records showing exactly how much he received in other income pre-Petition in 2023, in 2022 or in 2021.

53.      The Defendant's personal bank statements for 2023 demonstrate substantial cash deposits and deposits by check from several individuals; the Defendant testified that some of cash and checks were for services rendered or to be rendered by WFH&B.

54.      The Defendant admitted that after he deposited the cash or checks he received from customers of WFH&B, he transferred some of those funds to the WFH&B bank account. The Defendant provided no records showing exactly how much of the customers' funds he transferred to WFH&B pre-Petition in 2023.

55.      In Statement 15 of the Statement of Financial Affairs, which requires that debtors disclose any losses due to theft, fire, other disaster, or gambling in one year before filing, the Defendant indicated that he had suffered no such losses.

56.      The Defendant's 2022 tax return disclosed gambling losses of $16,285.00.

57.     In Statement 18 of the Statement of Financial Affairs, the Defendant disclosed the sale of two trailers that occurred in the two years before the filing of his Chapter 7 case.   The Defendant did not disclose the sale or transfer of any other property in the two years before the filing his Chapter 7 case.

58.     The Defendant testified that the trailers listed in Statement 18 were owned by WFH&B.

59.     After appearing at the 341 Meeting, the Defendant produced a list of personal property owned by the Defendant which he sold during the two years before the filing his Chapter 7 case.   The personal property sold included, *inter alia*, a 1996 Ford 100 truck, a 1982 Jeep, jeep parts, a 2022 Polaris side-by-side ATV, gold bars, silver bars, a firearm, and fishing equipment.

60.     On the list provided by the Defendant, the Defendant did not disclose to whom any of the property was sold, the amount he received in exchange for such sales or any receipts he provided to the purchasers of the property.

### 2.     *WFH&B Chapter 7 Case*

61.     Defendant provided testimony under penalty of perjury at the WFH&B meeting of creditors on October 25, 2023.

62.     At the WFH&B Meeting of Creditors, the Defendant testified that (a) Defendant read and signed the bankruptcy documents filed with the bankruptcy court in his position as President of WFH&B; (b) the information contained in the bankruptcy documents were true and

correct; and (c) there were no errors and omissions to bring to the attention of the chapter 7 trustee.

63.     In response to item 47 of Schedule A/B, Defendant, on behalf of WFH&B listed an ownership in a 2020 Ford F3520 Super Duty truck (vin # xxx98266).

64.     The Defendant failed to list the 2017 Ford F-350 truck (vin #xxx32244) he listed on his personal Chapter 7 case but that was actually titled in the name of WFH&B.

65.     The Defendant, on behalf of WFH&B, admitted the Schedules A/B were not correct but failed to file any amendments.

66.     Statement 4 of the Statement of Financial Affairs requires that debtors disclose year-to date income from employment or operation of business.   WFH&B listed income from operation of business during 2023 through the Petition date of $0.00.

67.     WFH&B's 2023 bank statements show deposits exceeding $490,000.00 between January 1, 2023, through September 6, 2023.   Defendant further testified that during 2023, he collected payments from WFH&B's customers which were deposited into the Defendant's personal bank account.

68.     In Statement 13 of the Statement of Financial Affairs, WFH&B disclosed that no property of WFH&B was sold or transferred in the two years before the filing of its Chapter 7 case.

69.     WFH&B failed to disclose that the Defendant sold (i) a 2003 Ford Truck five months before WFH&B filed its petition, and (ii) several other vehicles, trailers, and other tools

11

which Defendant listed on his personal bankruptcy schedules, which property the Defendant admitted he sold personally.

70.     Defendant, on behalf of WFH&B, admitted that the Statement of Financial Affairs was not correct.   WFH&B filed no amendments to the Statement of Financial Affairs.

### C.     Withholding and Concealing of Financial Records

71.     On September 29, 2023, the United States Trustee served a Notice of Rule 2004 Examination on the Defendant, requesting certain personal financial records and documents related to his financial affairs as well business records related to WFH&B, including but not limited to: (i) documents evidencing all sources of income, revenue, dividends, distributions and commissions received by the Defendant, (ii) financial statements, including Profit and Loss statements, Balance Sheets, Income Statements, (iii) an itemized list of all assets held by WFH&B, (iv) credit card statements, and (v) a report detailing the source of all non-payroll deposits greater than $200, copies of canceled checks, deposit receipts and cash withdrawal receipts for both business and personal accounts.

72.     Defendant produced some, but not all of the requested documents.

73.     Because the Defendant did not produce all of the requested documents, the United States Trustee issued subpoenas for additional documents for the Defendant's and WFH&B's financial records.

74.     When questioned at the 341 Meeting in his personal case and in the WFH&B case, the Defendant repeatedly testified he could not identify the source of cash deposits into his personal bank account, but claimed that he had documents supporting cash deposits or cash

withdrawals shown on his personal and WFH&B accounts and that he would produce those documents.   However, Defendant never produced any such documents.

75.     Defendant did produce a list of assets, both business and personal, that were sold in the two years pre-Petition but did not provide any information as to whom the assets were sold, how much they were sold for, and where the proceeds were deposited or how they were used[3].

76.     The Defendant admitted that he did not maintain records of the assets he sold.

77.     The Defendant testified that he accepted cash (or checks) from customers of WFH&B, deposited the cash (or checks) into his personal account, but did not provide the customers with any receipts for the cash he accepted.

78.     The Defendant testified that WFH&B did not issue 1099 or other documents to day laborers WFH&B hired to provide work and could not produce any documents evidencing cash payments made to those day laborers.

79.     The United States Trustee reviewed WFH&B's bank records for the time period of July 2021 through September 2023.   WFH&B received significant loan proceeds from the SBA in July 2021 and January 2022.   After receipt of those funds, several payments were made

---

3 The Defendant testified as to the sale of only item, a Polaris "side-by-side" ATV which he sold for $16,000.00 in May 2023.   However, the Defendant failed to provide any documents evidencing the sale.

by WFH&B on account of personal debts of the Defendant and/or his non-filing spouse and son.

Further, other large transfers were made directly to the Debtor's son.

80.    The Defendant concealed, destroyed, and failed to keep or preserve information, documents, records from which his personal financial condition can be ascertained.   WFH&B similarly concealed, destroyed, and failed to keep or preserve information, documents, records from which WFH&B's financial condition can be ascertained.

### V.   CAUSES OF ACTION SEEKING DENIAL OF DISCHARGE

### COUNT I
### 11 U.S.C. § 727(a)(3)
### *(Concealed or Failure to Keep or Preserve Records)*

81.    The Plaintiff realleges paragraphs 1 through 80 inclusive and incorporates them by reference.

82.    This is an action objecting to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(3), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

83.    Denial of Defendant's discharge is appropriate upon a showing by preponderance of the evidence that Defendant "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case" under 11 U.S.C. § 727(a)(3).

84.    Defendant concealed or failed to keep or preserve his personal and the business records WFH&B when he failed to turn over to the United States Trustee the financial records outlined in paragraphs 37 to 80.

85.    Defendant's concealment of records or his failure to keep and preserve records is not reasonable under the circumstances.

86.    Defendant's concealment of records or his failure to keep and preserve records made it impossible to ascertain the Defendant's personal and business transactions, prepetition as well as post-petition.

87.    Defendant failed to keep or preserve financial documents from which his business transactions might be ascertained.

88.    Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(3).

### COUNT II
### 11 U.S.C. § 727(a)(4)(A) and (D)
#### *(False Oaths or Accounts, Withholding Records and Documents)*

89.    The Plaintiff realleges paragraphs 1 through 88 inclusive and incorporates them by reference.

90.    This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(A), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

91.    Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "knowingly and fraudulently, in or in connection with the case—made a false oath or account" under 11 U.S.C. § 727(a)(4)(A).

92.     Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "knowingly and fraudulently, in or in connection with the case— withheld from an office of the estate entitled to possession under this title, any recorded information, including books, documents, records, and, papers, relating to the debtor's property or financial affairs" under 11 U.S.C. § 727(a)(4)(D)

93.     Each non-disclosure, as described in paragraphs 37 through 80, constitutes knowing and fraudulent false oaths or accounts in connection with the case.

94.     Defendant's non-disclosures, at stated in paragraphs 37 through 80, were done knowingly and fraudulently.

95.     Defendant made false oaths and omissions in connection with his bankruptcy case.

96.     Defendant made statements under oath when he signed the Petition, Schedules, and Statement of Financial Affairs, in his individual case and the WFH&B case.

97.     Defendant's schedules and statements were affirmatively false and/or contained material omissions when he failed to disclose all compensation and payments paid to him directly or indirectly through WFH&B.

98.     Defendant affirmatively omitted critical information about his case by failing to list all funds he received through WFH&B on his Statement of Financial Affairs.

99.     Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

16

**<u>COUNT III</u>**
**11 U.S.C. § 727(a)(5)**
***(Failure to account for loss of assets)***

100.　The Plaintiff realleges paragraphs 1 through 99 inclusive and incorporates them

by reference.

101.　This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. §

727(a)(5), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

102.　Defendant's discharge can be denied upon a showing, by preponderance of the

evidence, that Defendant "failed to explain satisfactorily, before determination of denial of

discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's

liabilities" under 11 U.S.C. § 727(a)(5).

103.　Defendant testified at both his Meeting of Creditors, and at the WFH&B's

Meeting that he did not maintain records of (i) receipts of funds from WFH&B's customers that

were deposited into the Defendant's personal account, (ii) the use of those customers' funds, (iii)

whether Defendant transferred the customers' funds to WFH&B, (iv) the amount of funds

WFH&B transferred to Defendant's personal accounts, (iv) the amount of other funds transferred

to Defendant's account, and (vi) the Defendant's use of the funds transferred to him from

WFH&B and others.

104.　Defendant testified that he did not maintain records of the sale of several items of

personal property owned by him and WFH&B or the amounts of those sales and the use of the

proceeds of those sales.

105.    Said actions constitute grounds for denial of discharge under 11 U.S.C. §

727(a)(5).

### COUNT IV
### 11 U.S.C. § 727(a)(7)
### *(Defendant's Conduct in WFH&B)*

106.    The Plaintiff realleges paragraphs 1 through 105 inclusive and incorporates them

by reference.

107.    This is an action objecting to the discharge of the Defendant pursuant to 11

U.S.C. § 727(a)(7), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

108.    Denial of Defendant's discharge is appropriate upon a showing, by preponderance

of the evidence, that Defendant "has committed any act specified in paragraph (2), (3), (4), (5),

or (6) of this subsection, on or within one year before the date of the filing of the petition, or

during the case, in connection with another case, under this title or under the Bankruptcy Act,

concerning an insider" under 11 U.S.C. § 727(a)(7).

109.    Defendant failed to disclose several sales of personal property, owned both by the

Defendant and WFH&B in the one year before the filing of the petition and any transfers of his

personal property that occurred after the filing of his petition.

110.    Defendant failed to disclose the receipt of cash and checks from the customers of

WFH&B in the one year before the filing of the petition, and that such funds were deposited into

the Defendant's personal bank account.

111.    Defendant failed to disclose the transfers of funds from his personal account to

WFH&B in the one year before the filing of the petition.

18

112.   Defendant has committed acts in violation of 11 U.S.C. § 727(a)(2)(A) by concealing property of the estate when he failed to provide financial records and failed to accurately complete his schedules and statements as alleged in paragraphs 37 through 80.

113.   Defendant has committed acts in violation of 11 U.S.C. § 727(a)(3) by failing to provide the United States Trustee with his financial records as alleged in paragraphs 37 through 80.

114.   Defendant has committed acts in violation of 11 U.S.C. § 727(a)(4)(A) by making false oaths and omissions in connection with his personal case, as alleged in paragraphs 37 through 80.

115.   Defendant managed, controlled, and held direct interests in WFH&B for which he filed a bankruptcy case.

116.   Defendant is an insider of WFH&B.

117.   In WFH&B, Defendant has committed acts in violation of 11 U.S.C. § 727(a)(4)(A) by making false oaths and omissions in connection with the WFH&B chapter 7 case, as alleged in paragraphs 61 through 70.

118.   In WFH&B, the Defendant has committed acts in violation of 11 U.S.C. § 727(a)(3) by failing to provide the United States Trustee with the financial records of WFH&B as alleged in paragraphs 61 through 70.

119.   In WFH&B, the Defendant has committed acts in violation of 11 U.S.C. § 727(a)(2)(A) by concealing property of the estate when he failed to provide financial records of

WFH&B and failed to accurately complete the schedules and statements of WFH&B as alleged in paragraphs 60 through 70.

120.    Defendant's actions in the bankruptcy case of WFH&B constitute reasons to deny Defendant's discharge in his individual case under 11 U.S.C. § 727(a)(7).

121.    Said actions constitute grounds for denial of Defendant's discharge under 11 U.S.C. § 727(a)(7).

## VI.   RELIEF REQUESTED AND RESERVATION OF RIGHTS

WHEREFORE, the United States Trustee respectfully requests that the Court (i) enter a final judgment in favor of the United States Trustee and against Defendant, ANTHONY JASON VERALDI, denying Defendant's discharge pursuant to 11 U.S.C. 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A) and (D), 727(a)(5) and 727(a)(7); and (ii) grant other such relief that the Court deems appropriate.

The United States Trustee reserves her right to amend this complaint to raise additional facts and assert additional causes of action based on information obtained during discovery.

Dated:    April 22, 2024.

Respectfully submitted,

MARY IDA TOWNSON
United States Trustee for Region 21

By: /s/ Teresa M. Dorr
Teresa M. Dorr, Esq.,
Trial Attorney
Florida Bar Number 48037
501 East Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000 Ext.
(813) 228-2303 facsimile